ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
BEATRIZ ANDRE, SBN 4394599 (NY)
KENA C. CADOR, SBN 321094 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0933
Fax No. (415) 522-3425
kena.cador@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRACISCO AND OAKLAND DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> BARNES & NOBLE COLLEGE BOOKSELLERS, LLC, <br><br> Defendant. | Case No.: 3:25-cv-8142 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Noelani McConahy (McConahy), a qualified individual who is adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission (EEOC or Commission), alleges that Defendant, Barnes & Noble College Booksellers, LLC (Barnes & Noble), violated Section 102 of the ADA by failing to provide McConahy readily available reasonable accommodations to allow her to return to work, and

terminating her employment.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Defendant committed the alleged unlawful employment practices in Hayward, CA, which is within the jurisdiction of the United States District Court for the Northern District of California.

**DIVISIONAL ASSIGNMENT**

3. This action is appropriate for assignment to the San Francisco and Oakland Division of this Court because the unlawful employment practices alleged were committed in Alameda County, which is within the jurisdiction of the San Francisco and Oakland Division per L.R. 3-5(b) and 3-2(d).

**PARTIES**

4. Plaintiff EEOC is the federal agency charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C.§ 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Barnes & Noble has operated a retail store in Hayward, CA, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEDURES**

8. More than thirty days prior to the institution of this lawsuit, Noelani McConahy filed a charge with the Commission alleging that Defendant discriminated against her in violation of the ADA.

9. By letter dated May 8, 2025, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADA.

10. The May 8, 2025 Determination also invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The EEOC communicated with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the EEOC's Determination letter.

12. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. By letter dated May 22, 2025, the EEOC issued to Defendant a notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

15. Barnes & Noble hired McConahy on or about June 29, 2016, as a part-time cashier and bookseller at Defendant's Hayward, CA store.

16. Barnes & Noble enforces a 90-day maximum leave policy, which states "the maximum length of a personal leave of absence is 90 days" and "unlike leave protected under FMLA, USERRA or various state laws, the granting of a personal leave of absence does not guarantee reinstatement of employment."

17. Barnes & Noble enforces its 90-day leave policy across all of its locations nationwide.

18. McConahy successfully performed job duties of a part-time cashier and bookseller.

19. On or about February 1, 2021, McConahy was hospitalized due to pregnancy and went into pre-term labor. Four days later, McConahy gave birth to a "micro-premie" (25 weeks

gestation) via emergency C-section.

20. Upon learning that McConahy had given birth, on February 12, 2021, a Barnes & Noble Human Resources official informed McConahy that she was not eligible for paid leave through the company and that any leave would commence "the first day she had missed a work shift."

21. On February 16, 2021, McConahy requested leave for family and medical reasons. In response, Barnes & Noble informed McConahy that she was only eligible for a maximum of 90-days of leave and processed her leave of absence for "personal reasons."

22. Beginning in or around February 2021, McConahy began exhibiting symptoms of post-partum depression. After a postnatal visit with her physician, she was diagnosed with post-partum depression in or around February or March 2021.

23. As a result of her post-partum depression, McConahy was substantially limited in major life activities including sleeping, working, brain function, and taking care of herself.

24. On or about March 30, 2021, McConahy contacted Barnes & Noble to disclose her disability—post-partum depression—and requested information about options for taking leave. In response, Barnes & Noble encouraged McConahy to resign from her position.

25. On April 12, 2021, McConathy's healthcare provider prescribed her medication for post-partum depression and in a medical note, recommended she remain on a leave from work until October 2021.

26. McConahy notified Barnes & Noble of her physician recommendation and on April 14, 2021, requested leave until October 2021 as a reasonable accommodation.

27. In response to McConahy's reasonable accommodation request, Barnes & Noble, for at least a second time, encouraged McConahy to resign from her position.

28. In response to McConahy's reasonable accommodation request, Barnes & Noble did not inquire further about the physician's recommendation.

29. In response to McConahy's reasonable accommodation request, Barnes & Noble did not grant McConahy's requested accommodation for leave until October 2021 because her leave request was beyond Barnes & Noble's policy of granting no more than 90-days of leave.

30. In response to McConahy's reasonable accommodation request, Barnes & Noble did not offer McConahy any alternative reasonable accommodation(s).

31. Had Barnes & Noble granted McConahy leave beyond the maximum 90-days under the Barnes & Noble policy, McConahy could have performed the essential functions of the part-time cashier and bookseller upon her return from leave.

32. On April 29, 2021, at the expiration of McConahy's 90-days of leave, Barnes & Noble terminated McConahy's employment.

33. As a result of Barnes & Nobles' actions, McConahy suffered damages.

## STATEMENT OF CLAIMS

### Count I: Failure to Accommodate

34. Paragraphs 15 through 33 are incorporated by reference as if fully set forth herein.

35. McConahy is a qualified individual with a disability as defined by the ADA.

36. McConahy is "disabled" as defined by the ADA because her post-partum depression substantially limits several major life activities, including sleeping, working, brain function, and taking care of herself.

37. McConahy informed Defendant of her disability and requested an accommodation of leave to October 2021, beyond the 90-days of leave maximum that Defendant provided under its policy.

38. Defendant did not engage in the interactive process.

39. Defendant failed to provide the accommodation and terminated McConahy's employment at the expiration of the 90-day leave period.

40. Had Defendant provided McConahy with the requested reasonable accommodation, McConahy could have performed the essential functions of the part-time cashier and bookseller upon her return from leave.

41. Defendant discriminated against McConahy in violation of 42 U.S.C. § 12112(a) and (b)(5) by not providing a reasonable accommodation.

42. As a direct and proximate result of the practices complained of in the foregoing paragraphs, McConahy has suffered actual pecuniary and non-pecuniary damage, including but not

limited to lost earnings and benefits, and emotional pain and suffering.

43. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of McConahy.

44. The effect of the practices complained of in the foregoing paragraphs has been to deprive McConahy of equal employment opportunities and otherwise to adversely affect her status as an employee because of her disability.

**Count II: Termination Based on Disability**

45. Paragraphs 15 through 33 are incorporated by reference as if fully set forth herein.

46. McConahy is a qualified individual with a disability as defined by the ADA.

47. McConahy is "disabled" as defined by the ADA because her post-partum depression substantially limits several major life activities, including sleeping, working, brain function, and taking care of herself.

48. McConahy informed Defendant of her disability and requested an accommodation of leave to October 2021, beyond the 90-days of leave maximum that Defendant provided under its policy.

49. Defendant did not engage in the interactive process.

50. Defendant failed to provide the accommodation and terminated McConahy's employment at the expiration of the 90-day leave period.

51. Had Defendant provided McConahy with the requested reasonable accommodation, McConahy could have performed the essential function of the part-time cashier and bookseller upon her return from leave.

52. McConahy's termination of employment resulted from Defendant's failure to provide her with a reasonable accommodation.

53. Defendant discriminated against McConahy in violation of 42 U.S.C. § 12112(a) by terminating her because of her disability.

54. As a direct and proximate result of the practices complained of in the foregoing paragraphs, McConahy has suffered actual pecuniary and non-pecuniary damage, including but not

limited to lost earnings and benefits, and emotional pain and suffering.

55. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of McConahy.

56. The effect of the practices complained of in the foregoing paragraphs has been to deprive McConahy of equal employment opportunities and otherwise to adversely affect her status as an employee because of her disability.

## PRAYER FOR RELIEF

Wherefore the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Barnes & Noble College Booksellers, LLC and its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Noelani McConahy by providing appropriate back pay with prejudgment and post judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D. Order Defendant to make whole Noelani McConahy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 through 33 above, including job search and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Noelani McConahy by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 15 through 33 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 15 through 33 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated:                                                                    Respectfully submitted,

BY:  /s/Roberta L. Steele                              ANDREW ROGERS
ROBERTA L. STEELE                                  Acting General Counsel
Regional Attorney

                                                                    CHRISTOPHER LAGE
BY:  /s/Beatriz Andre                                  Deputy General Counsel
BEATRIZ ANDRE
Assistant Regional Attorney                       GWENDOLYN YOUNG REAMS
                                                                    Associate General Counsel
BY:  /s/Kena C. Cador
KENA C. CADOR                                        Office of the General Counsel
Senior Trial Attorney                                  131 M Street, N.E.
                                                                    Washington, D.C. 20507
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0933
kena.cador@eeoc.gov

*Attorneys for Plaintiff EEOC*